**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

M'MAH SYLLA,

        Plaintiff,

v.

MAMOUDOU CONDE, individually and as a
corporate agent,
AICHA CONDE, individually and as a
corporate agent,
SIREBEH CONDE, individually and as a
corporate agent,
NIMBAYA! THE WOMEN'S DRUM & DANCE
COMPANY OF GUINEA, a South Carolina company,
WORLD MUSIC PRODUCTIONS, INC.,
a South Carolina corporation,
and COLUMBIA TIRE, INC. a/k/a
COLUMBIA TIRE, LLC a/k/a
ROLLING TIRES AUTO SERVICE CENTER, a
South Carolina corporation,

        Defendants.

Case No.  3:14-cv-03681-JFA
Hon.

---

Nakisha N. Chaney (P65066) (*to seek pro hac vice admission*)
NACHT, ROUMEL, SALVATORE,
BLANCHARD & WALKER, P.C.
Attorney for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, Michigan 48104
(734) 663-7550
*nchaney@nachtlaw.com*

Scott N. Schools (Federal ID No. 4985)
MOORE & VAN ALLEN
Attorney for Plaintiff
8 Wentworth Street
(843) 579-7031
Charleston, SC 29401
*scottschools@mvalaw.com*

RECEIVED
USDC CLERK, COLUMBIA, SC
2014 DEC -1  PM 2:02

**Defendants make this Answer in defense of the Plaintiff's action.**

## INTRODUCTION

1. Defendants deny every allegation included in the plaintiff complains and nothing in this answer changes that fact.

2. From February through September 2012, plaintiff freely and voluntarily worked with the Defendants by performing in an all-female drum and dance group.

3. Plaintiff was paid for her services and was provided a comfortable residence and ample nourishment.

   Plaintiff expressed no displeasure, and was never kept against her will.

4. Defendant has caused plaintiff no harm and has not violated any Federal or State laws.

## JURISDICTION AND VENUE:

5. The Defendant cannot speak to court's jurisdictions or venue.

6. The Defendant cannot speak to court's venue 28 U.S.C. 1391.

## THE PARTIES:

7. Plaintiff is Guinean woman who was given the opportunity to positively change her life and her families. She was never trafficked.

8. Defendant Mamoudou Conde ("Conde") is an individual who resides in Columbia, South Carolina, and is the Founding Director and Manager of Defendant Nimbaya! The Women's Drum & Dance Company of Guinea ("Nimbaya"), the President of Defendant World Music Productions, Inc. ("WMPI"), and the owner and registered agent for Defendant Columbia Tire, LLC. A/k/a Columbia Tire, Inc. FKA Rolling Tires Auto Service Center ("Columbia Tires").

9. Defendant Aicha and Seregbe Conde are artists of Nimbaya and sisters of Mamoudou Conde; they are not corporate agents.

10. Defendant Nimbaya, is a non for profit, non governmental woman's organization (NGO) known as NAFGuinee. Nimbaya is based in Guinea. While touring in the United States, Nimbaya is based in Columbia, South Carolina. Nimbaya has performed throughout the United States and internationally for more than ten years.

11. Defendant WMPI is an Oregon corporation. It is managed by the Defendant, Mamoudou Conde.

12. Defendant Columbia Tire, formerly known as Rolling Tires Auto Service Center, is located in Columbia, South Carolina. In 2013, Columbia Tire, Inc. became Columbia Tire, LLC.

## GENERAL ALLEGATIONS:

### NIMBAYA is a Supporter of Female Empowerment

13. Nimbaya is a Drum and Dance Company that provides a means through which impoverished and marginalized women in Guinea can empower themselves.

14. Eighty-five percent of young adult women in Guinea are living in extremely impoverished conditions. All of the women artist come on their own accord to perform with the company due to their own ambitions.

15. Multiple organizations have sponsored Nimbaya, including South Carolina Arts Commission, the Global Education Center, and the National Endowment for the Arts.

16. Nimbaya performs nationally and internationally. Defendant Conde, has been a recipient of numerous awards and honors, including awards from the cities of San Francisco and Los Angeles.

17. Nimbaya is a cultural phenomenon that embraces female empowerment.

18. Nimbaya upholds the image of empowerment for women all over the planet.

### DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

19. Defendants denies each and every allegation that is not specifically admitted.

20. Plaintiff was informed about the pay in a group session in Guinea, before she came to South Carolina.

21. The Plaintiff, along with the other women, in an effort to secure their Visas, (artist Visas from Guinea to America are difficult to secure since approximately seventy-five (75% )of Guineans issued P3 Visas do not return to Guinea) agreed among themselves to have a family member sign a document indicating that they would be responsible in the event that the woman ran away while in the United States or if she refused to return to Guinea when the Visa expired. The women, not the Defendants, filed these documents with the Guinea National Police.

22. The Defendant doesn't know of any family members who have been held responsible.

23. Defendant Conde maintained the passports of all members of the group to insure and guarantee that they would not be lost or misplaced thus there would be no problem as they travelled internationally.

24. The Defendant was totally unaware of the Plaintiff's request for the passport.

25. In 2000 the Plaintiff, while living in Guinea, became a member of Nimbaya. She asked to join Nimbaya, as was the practice. Nimbaya did not typically recruit women to join Nimbaya; interested women applied to Nimbaya for membership into Nimbaya. Although there were many women who were more talented than the Plaintiff, she was accepted into Nimbaya upon the recommendation of Defendant, Aicha Conde, with whom she was close friends since 2000. Before coming to the United States in 2012, the Plaintiff toured with Nimbaya in Korea, Dubai, Switzerland, France, Brazil, Senegal, and Canada.

26. After numerous attempts, at a cost of at least Two Thousand ($2,000.00) Dollars for the Visa, Defendant Conde secured a Visa for the Plaintiff for the United States in February 2012. Plaintiff arrived in South Carolina in February 2012. Defendant Conde applied for and received sponsorship with the United States Department of Immigration for the Plaintiff's work permit; for which he also paid.

27. Defendant informed all of the women that in South Carolina they would find friendly people, good weather, and affordable living.

28. While in South Carolina, Plaintiff was housed in a spacious and well kept house which was well stocked with food, medical, and household provisions; her movements were not prohibited or restricted; she was free to go and come as she pleased; and she did.

29. As far as Defendant Conde knows Plaintiff suffered from no illnesses.

30. Defendant has never harmed or threatened harm to the Plaintiff or any of the women of Nimbaya.

31. For twelve (12) years, Plaintiff traveled from Guinea with Nimbaya all over the world. During that time Plaintiff never expressed any dissatisfaction.

32. In the United States, Plaintiff appeared to be satisfied with her relationship with Nimbaya. Defendants did not know that the Plaintiff was not pleased until she left.

33. Defendant does not know the Plaintiff's family members in Guinea, and has no interest in, or the ability to harm them.

34. Plaintiff never taught a single workshop for Nimbaya, and she was compensated for all of the work she performed for Nimbaya.

35. Plaintiff never worked for Columbia Tire.

36. Defendant had no knowledge of Plaintiff's pregnancy, and had made no statements in the past regarding what would happen if the members became pregnant.

37. When the Plaintiff and the two women who she left Columbia with ran away, Nimbaya had numerous tours scheduled; those tours required performance of all the women, thus Defendant Conde did make an effort to reunite the Plaintiff and the other women with Nimbaya.

38. Because of the Plaintiff's and the other women leaving, Nimbaya lost the majority of the scheduled tours, and other contracted performances, and no longer has the ability to fulfill any contracts in the United States.

39. Nimbaya's ability to bring performers to the United States, male or female, has been crippled because of the Plaintiff and the women she left with.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S CLAIM FOR RELIEF

40. Defendants have not violated the Trafficking Victims Reauthorization Act of 2008 ("TVPRA") Forced Labor, 18 U.S.C. Sections 1589, 1595.

41. Defendants did not obtain Plaintiffs labor and services by means of physical confinement; nor did the Defendants threaten harm to others, or engage in a scheme intended to cause Plaintiff to believe that if Plaintiff did not perform such labor she or anyone else would suffer serious harm.

42. Defendants did not benefit from and receive value from participation in a venture, knowing or in reckless disregard of the fact that the venture engaged in forced labor in violation of 18 U.S.C. Section 1589.

43. Plaintiff has suffered no harm because of the Defendant.

44. Defendants have not violated the TVPRA of 2008 Involuntary Servitude, 18 U.S.C. Sections 1584, 1595.

45. Defendant did not bring Plaintiff into the United States for the purpose of holding her in involuntary servitude and did not hold the Plaintiff in involuntary servitude.

46. Plaintiff was not compelled to perform for the Defendants, and freely performed for Nimbaya; was compensated for her work with Nimbaya; and never worked for Columbia Tire LLC. or Rolling Tire Inc.

47. Defendants never threatened harm to the Plaintiff or others, nor did Defendants psychologically coerce the Plaintiff.

48. Plaintiff has suffered no harm because of the Defendant.

49. Defendants have not violated the TVPRA of 2008 Trafficking in Involuntary Servitude and Forced Labor 18 U.S.C. Sections 1584, 1589, 1590, 1595.

50. Defendants did not recruit, harbor, and transport Plaintiff into the United States for the purpose of subjecting her to involuntary servitude and did not force her to labor in violation of 18 U.S.C. Section 1595.

51. Defendants did not benefit from and receive value from participation in a venture, that engaged in trafficking in involuntary servitude and forced labor within the meaning of 18 U.S.C. Section 1595.

52. Plaintiff has suffered no harm because of the Defendant.

53. Defendants have not violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. Sections 206(a).

54. Plaintiff was not employed by any of the Defendants.

55. Plaintiff was not due a minimum wage and Defendants did not violate the minimum wage provisions of FLSA 29 U.S.C. Sections 206(a).

56. Defendants did not withhold any of Plaintiff's wages, regular or overtime as she was not in an employment relationship with the Defendants, and was so due no wages.

57. Plaintiff did not inquire about wages, as she received the compensation that she was due.

58. Defendants have not violated the Fair Labor Standards Act and Plaintiff is not entitled to recover any wages or liquidated damages pursuant to 29 U.S.C. Section 216(b).

59. Defendants have not violated the South Carolina Wage Laws S.C. Code Sections 41-10-40, 41-10-80.

60. Plaintiff was not due a minimum wage and Defendants did not violate the minimum wage provisions of FLSA 29 U.S.C. Sections 206(a).

61. Defendants did not fail to pay Plaintiff wages, unlawfully withhold wages or divert wages, which were due Plaintiff thus did not violate S.C. Code Sections 41-10-40.

62. Plaintiff has suffered no harm because of the Defendants.

63. Plaintiff and Defendants agreed that Plaintiff would be compensated when she performed for Nimbaya at the rate of Three Hundred ($300.00) Dollars per week, in addition to Twenty ($20.00) Dollars per day, the daily figure was sometimes modified by mutual agreement. Plaintiff was so compensated. If Plaintiff did not perform she was not compensated, however Plaintiff was provided food and board at all times.

64. The contract between the Defendant and the Plaintiff was honored. The Plaintiff was paid for her services to Nimbaya.

65. The Defendants made no misrepresentations to the Plaintiff regarding Nimbaya or anything regarding compensation, housing, or anything else associated with her relationship with Nimbaya.

66. The Defendants did not engage in any activity which could have resulted in severe emotional distress to the Plaintiff.

67. Defendants provided the Plaintiff the opportunity to tour the world and to have experiences that were previously unavailable to Plaintiff.

68. Plaintiff has no ownership interest in her Visa or her Passport. Defendant Conde applied for, arranged for, and paid for any and everything associated with the acquisition of the Plaintiff's Work Permit, Visa, and Passport.

## CLAIM FOR RELIEF

69. Plaintiff has breached her contract with Nimbaya and World Music Productions Inc. by leaving the group.

70. Plaintiff intentionally or recklessly inflicted severe emotional distress and was certain or substantially certain that such distress would result from her conduct.

71. As a result of the Plaintiff's conduct, Nimbaya and World Music Production, Inc. are unable to continue their work of cultural education and the liberation of impoverished and marginalized women in Guinea, since the United States and most of the countries in Europe and North America will not issue Visas to Guinean artists.
72. Since the Plaintiff joined Nimbaya in 2000, Defendant Conde has incurred great expense in the training and support of the Plaintiff.
73. The Plaintiff has caused irreparable harm to Nimbaya, Mamoudou Conde, Aicha Conde, and Seregbe Conde.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court will enter an order dismissing Plaintiff's suit, and awarding Defendants all relief that this Court deems just and equitable, including costs and attorney fees.

Respectfully Submitted,

Dated: 11/25/14

/s/ _____
Mamoudou Conde for
Nimbaya
World Music Productions, Inc.
Columbia Tire

/s/ _____
Aicha Conde

/s/ _____
Seregbe Conde