IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| M'mah Sylia, | ) | Case No.: 3:14-cv-03681-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Mamoudou Conde, Aicha Conde, Sirebeh Conde, Nimbaya! The Women's Drum & Dance Company of Guinea, World Music Productions, Inc., and Columbia Tire, Inc., a/k/a Columbia Tire, LLC a/k/a Rolling Tires Auto Service Center, | ) ) ) ) ) ) ) | DEFENDANT'S AMENDED ANSWER TO COMPLAINT And COUNTER CLAIM (JURY TRIAL REQUESTED) |
| Defendants. | ) ) | |

Defendants answer the complaint of the plaintiff as follows:

**FOR A FIRST DEFENSE**

1. Deny each and every allegation of the complaint not herein specifically admitted, qualified or explained.

2. Defendants deny the allegations contained in paragraph one (1) of plaintiff's complaint.

3. Defendants deny the allegations contained in paragraph two (2) of plaintiff's complaint and demands strict proof thereof.

4. Defendants deny the allegations contained in paragraph three (3) of plaintiff's complaint that they violated the Trafficking Victims Protection Reauthorization Act, the Fair Labor Standard Act and the South Carolina Wage Contracts and Torts laws. .

5. Defendants admit the allegations contained in paragraphs four (4) and five (5) of plaintiff's complaint.

1

6. Defendants admit that the plaintiff was born in Conakry Guinea, and plaintiff did not attend school and did not know how to read and write. The remaining allegations contained in paragraph six (6) of plaintiff's complaint are denied.

7. As to the allegations set forth in paragraph seven (7), Defendant Mamoudou Conde ("Conde"), admits that he is the Founding Director of Defendant Nimbaya!, The Women's Drum & Dance Company of Guinea ("Nimbaya!"). Conde also admits that he is the President of Defendant World Music Productions, Inc. ("World Music") and the owner and registered agent of Defendant Columbia Tire, LLC a/k/a Columbia Tire, Inc. a/k/a Rolling Tires Auto Service Center ("Columbia Tire").

8. Defendant Aicha Conde and Defendant Sirebeh Conde admit they are sisters of Defendant Conde, but deny the remaining allegations contained in paragraph eight (8) of the plaintiff's complaint.

9. As to the allegations contained in paragraph nine (9) of plaintiff's complaint, Defendant Nimbaya! denies that it is a Columbia, South Carolina based touring drum and dance performance company owned and controlled by Defendant Conde individually and through his company, Defendant WMPI. Defendant Nimbaya! admits that female members performed using various instruments, including the djembe, a traditional West African drum and Nimbaya! has performed throughout the United States and internationally for more than a decade. Any other allegations contained in paragraph nine (9) are denied.

10. Defendants admit the allegations contained in paragraphs ten (10) and eleven (11) of the complaint.

11. Defendants admit the allegations contained in paragraph twelve (12) of the complaint.

12.     Defendants deny the allegations contained in paragraph thirteen (13) of the complaint.

13.     Defendants admit the allegations contained in paragraphs fourteen (14), fifteen (15) and sixteen (16) of the plaintiff's complaint.

14.     Defendants deny the allegations contained in paragraph seventeen (17) of the complaint.

15.     Defendants deny the allegations contained in paragraphs eighteen (18) and nineteen (19) of the complaint.

16.     Defendants deny the allegations contained in paragraph twenty (20) and twenty-one (21) of the complaint.

17.     Defendants admit in early February 2012, a group of eight (7) women and one (1) male flew from Guinea to the United States. Once the group was through immigration, their passports were collected and kept in a safe place and were available upon request by any of the artist. The remaining allegations contained in paragraph twenty-two (22) of the complaint are denied.

18.     Defendants deny the allegations contained in paragraph twenty-three (23), twenty-four (24), twenty-five (25), twenty-six (26), twenty-seven (27), twenty-eight (28), twenty-nine (29), thirty (30), thirty-one (31) and thirty-two (32) of plaintiff's complaint.

19.     Defendants deny the allegations contained in paragraphs thirty-three (33), thirty-four (34), thirty-five (35), thirty-six (36), thirty-seven (37) and thirty-eight (38) of the complaint.

20.     Defendants deny the allegations contained in paragraphs thirty-nine (39) and forty (40), of the complaint.

21. Defendants deny the allegations contained in paragraph forty-one (41) of the complaint.

22. Defendants admit the allegations contained in paragraphs forty-two (42) and forty-three (43) of the complaint.

23. Defendants admit the allegations contained in paragraph forty-four (44) of the complaint, with notification that plaintiff also benefited from each performance by receiving value, including money, publicity, training and education.

24. Defendants deny the allegations contained in paragraphs forty-five (45), forty-six (46), forty-seven (47), forty-eight (48), forty-nine (49) fifty (50) and fifty-one (51) of plaintiff's complaint.

25. Defendants deny the allegations contained in paragraphs fifty-two (52) and fifty-three (53) of the complaint.

26. Defendants are without information or knowledge regarding the allegations contained in paragraph fifty-four (54) of the complaint and, therefore, deny same, with the addition that it is contradictory to plaintiff's allegations that she was prohibited and forbidden from going in and out of the house.

27. Defendants are without information or knowledge regarding any pregnancy by the plaintiff and, therefore, deny the allegations contained in paragraphs fifty-five (55), fifty-six (56), fifty-seven (57), fifty-eight (58), fifty-nine (59) and sixty (60) of the complaint.

28. Defendants deny the allegations contained in paragraphs sixty-one (61) and sixty-two (62) of the complaint.

29. Defendants deny the allegations contained in paragraphs sixty-three (63), sixty-four (64) and sixty-five (65) of the complaint.

4

30. Paragraph sixty-six (66) of plaintiff's complaint does not warrant a response from the Defendants. However, if a response is required, the allegations are denied.

31. Defendants incorporate herein their answers above in response to paragraph sixty-seven (67) of the plaintiff's complaint.

32. Defendants deny the allegations contained in paragraphs sixty-eight (68), sixty-nine (69) and seventy (70) of the complaint.

33. Paragraph seventy-one (71) of plaintiff's complaint does not warrant a response from the Defendants. However, if a response is required, the allegations are denied.

34. Defendants incorporate herein their answers above in response to paragraph seventy-two (72) of the complaint.

35. Defendants deny the allegations contained in paragraphs seventy-three (73), seventy-four (74), seventy-five (75) seventy-six (76) and seventy-seven (77) of the complaint.

36. Paragraph seventy-eight (78) of the plaintiff's complaint does not require a response from the defendants. If a response is required, the allegations are denied.

37. Defendants incorporate herewith their answers above in response to the allegations contained in paragraph seventy-nine (79) of the complaint.

38. Defendants deny the allegations contained in paragraphs eighty (80), eight-one (81) and eighty-two (82) of the complaint.

39. Paragraph eight-three (83) of plaintiff's complaint does not necessitate an answer from the defendants. However, if one is required, the allegations are denied.

40. Defendants incorporate herewith their answers above in response to the allegations contained in paragraph eighty-four (84) of the plaintiff's complaint.

41. Defendants deny the allegations contained in paragraphs eighty-five (85), eighty-six (86), eighty-seven (87), eighty-eight (88), eighty-nine (89), ninety (90) and ninety-one (91) of the plaintiff's complaint.

42. Defendants incorporate herein their answers above in response to the allegations contained in paragraph ninety-two (92) of the plaintiff's complaint.

43. Defendants deny the allegations contained in paragraphs ninety-three (93), ninety-four (94) and ninety-five (95) of the plaintiff's complaint.

44. Defendants incorporate herein their answers above in response to the allegations contained in paragraph ninety-six (96) of the plaintiff's complaint.

45. Defendants admit that Nimbaya! agreed to pay the Plaintiff while on tour. Defendants deny the rest of the allegations contained in paragraphs ninety-seven (97), ninety-eight (98), ninety-nine (99) and one hundred (100) of the complaint.

46. Defendants herein incorporate their answers above in response to the allegations contained in paragraph one hundred-one (101) of the plaintiff's complaint.

47. Defendants admit that Nimbaya! agreed to pay the Plaintiffs while on tour. Defendants deny the rest of the allegations contained in paragraphs one hundred-two (102), one hundred-three (103), one hundred-four (104) and one-hundred-five (105) of the complaint.

### FOR A SECOND DEFENSE

48. The complaint and cause of action contained herein fail to state a cause of action upon which relief can be granted against Defendant Aicha Conde, Defendant Sirebeh Conde, Defendant WMPI, Columbia Tire and Mamoudou Conde

## FOR A THIRD DEFENSE

49. The court should reduce or quash plaintiff's alleged damages, if any, to the extent that the plaintiff failed or refused to mitigate its damages, if any, and/or the extent that it has suffered no damages.

## FOR A FOURTH DEFENSE

50. Plaintiff is not entitled to recover punitive damages because defendants' alleged actions were not unlawful, malicious or in reckless disregard of plaintiff's purported rights as claimed in the complaint.

## FOR A FIFTH DEFENSE

51. Plaintiff's opinions regarding Defendants are not actionable.

## FOR A SIXTH DEFENSE

52. An award of punitive damages under South Carolina law violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution Article 1, Section 3 of the South Carolina Constitution.

## FOR A SEVENTH DEFENSE

53. Defendants reserve the right to amend to assert affirmative defenses as facts are developed during the course of additional investigation and discovery.

## FOR AN EIGHTH DEFENSE

54. Plaintiff's alleged damages are speculative, uncertain and not recoverable.

## FOR A NINTH DEFENSE

55. Defendants reserve the right to assert all other defenses available to them under the law or equity at the time of trial and further reserves the right to amend this answer to include additional defenses that discovery may reveal to be appropriate and/or applicable.

## FOR A TENTH DEFENSE AND FIRST COUNTERCLAIM
Defamation / Slander Per Se / Liable Per Se
(Jury Trial Demanded)

56. Defendants reallege, restate and incorporate all the foregoing paragraphs and defenses fully as stated herein.

57. At all times relevant to the allegations in the complaint, Defendant Conde and others were the Board of Directors of Defendant Nimbaya!. Defendant Nimbaya! is a not for profit entity founded in Guinea in 1998. It started under the name Amazon Women Drummers of Guinea.

58. Defendant Nimbaya! invites women to participate in learning drumming and sharing their culture around the world. While in the process of doing so, the women would make money, educate themselves and learn many other life skills.

59. Defendants Conde and Nimbaya! have helped many women travel across the world to share the Guinean culture.

60. Defendants Conde and Nimbaya! have also helped the women to earn a reasonable amount of money to support themselves and their families. Throughout the years, Defendants Nimbaya! and Conde have helped many women to meet their basic needs and also to enhance their educational stature.

61. The plaintiff was one of the women assisted by Defendants Conde and Nimbaya!.

62. Plaintiff intentionally, maliciously and recklessly published written and/or verbal communications to various third parties, falsely and maliciously accusing Defendants Mamoudou Conde, Aicha Conde, Sirebeh Conde and Nimbaya! of criminal acts re: human trafficking.

8

63.   These malicious publications that Defendants Mamoudou Conde, Aicha Conde, Sirebeh Conde and Nimbaya! are human traffickers are defamatory per se.

64.   Plaintiff's comment and statements regarding Mamoudou Conde, Aicha Conde, Sirebeh Conde and Nimbaya! were unprivileged, false and slanderous per se and are libelous per se as those statements impugned and disparaged Mamoudou Conde, Aicha Conde, Sirebeh Conde and Nimbaya!'s fitness for their business and all professions.

65.   Plaintiff's statements and actions are improper, malicious, intentional and purposely designed to and did indeed harm and destroy Defendants Mamoudou Conde, Aicha Conde, Sirebeh Conde and Nimbaya!'s reputations.

66.   Plaintiff's malicious actions have caused Defendants Mamoudou Conde, Aicha Conde, Sirebeh Conde and Nimbaya! to suffer special damages, including but not necessarily limited to, the costs that Defendants have incurred in attempting to rebuild their reputation and to defend plaintiff's malicious allegations.

67.   Accordingly, Defendants Mamoudou Conde, Aicha Conde, Sirebeh Conde and Nimbaya! pray for a judgment against plaintiff in an amount exceeding $75,000 for special, actual, compensatory and punitive damages, as well as for such other and further relief as this court may deem just and proper.

### FOR AN ELEVENTH DEFENSE AND SECOND COUNTERCLAIM
Breach of Contract

68.   Defendants reallege, restate and incorporate all the foregoing paragraphs and defenses fully as stated herein.

69.   Prior to 2012 when plaintiff arrived in Columbia, South Carolina, with Defendant Nimbaya plaintiff had been to numerous other tours with Defendants Nimbaya and Conde in other areas of the world.

9

70. Plaintiff was aware that prior to leaving Guinea for any of these tours, Defendants Conde and Nimbaya! would book the tours and events for each location and the dates would have been set.

71. In 2012 when Plaintiff and others arrived in Columbia, South Carolina, plaintiff was aware that Defendants Nimbaya! and Conde had booked numerous performances in the United States and Canada.

72. Plaintiff was also aware that the Defendants Nimbaya! and Defendant Conde had agreed to be part of the movie Amazing Grace and that agreement had been entered into. As a result of plaintiff's decision to flee and abandon the group, the rest of the other performers followed suit which resulted in Defendants Nimbaya! and Conde losing contracts and business reputation.

73. Plaintiff's intentional and malicious actions were in breach of the agreement made when the group left Guinea for the United States. Accordingly, Defendants Nimbaya!, World Music and Conde pray for judgment against plaintiff in an amount exceeding $75,000 for actual and compensatory damages, as well as for such other and further relief that this court deems just and proper.

### FOR A TWELFTH DEFENSE AND THIRD COUNTERCLAIM
**(Intentional infliction of Emotional Distress)**

74. Defendants reallege, restate and incorporate all the foregoing paragraphs and defenses fully as stated herein.

75. Plaintiff has accused the Defendants Mamoudou Conde, Aicha Conde, Sirebeh Conde and Nimbaya! of being a Human Traffickers and communicated same to others who work with and are associated with Defendants.

76. The conduct of the plaintiff in accusing the defendants of such a behavior that is abhorred across the world is atrocious and utterly intolerable.

77. Plaintiff's conduct, action, and allegations accusing the defendants of heinous crime has caused and created a situation that no reasonable person should and can be expected to endure and/or tolerate.

78. The actions of the plaintiff have caused the defendants sleepless nights and severe emotional distress.

WHEREFORE, Defendants respectfully pray this court enter a judgment in their favor, including costs, attorneys' fees and such other relief as the court deems just and proper.

                              s/ Samuel M. Mokeba  
                              Samuel M. Mokeba (Federal Bar No. 9373)  
                              BAKER, RAVENEL & BENDER, L.L.P.  
                              3710 Landmark Drive, Suite 400  
                              Post Office Box 8057  
                              Columbia, South Carolina 29202  
                              Phone: (803) 799-9091   Fax: (803) 779-3423  
                              Our File No.: 10856 / E-mail: smokeba@brblegal.com  
                              Attorney for Defendants

Columbia, South Carolina  
January 23, 2015